**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR MENDOZA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of the Social<br>Security,<br><br>                    Defendant. | Case No. CV 16-3955-SS<br><br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Plaintiff Hector Mendoza ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for disability benefits.  The undersigned United States Magistrate Judge has jurisdiction, pursuant to 28 U.S.C. § 636(c).  For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings consistent with this decision.

## II.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits on March 14, 2011, alleging a disability starting on January 8, 2009. (Administrative Record ("AR") 16).  Plaintiff had previously been denied social security benefits in 2007.  (Id.).

On March 7, 2014, Plaintiff had a hearing before an Administrative Law Judge, Cynthia Minter ("ALJ").  (AR 34). Vocational expert ("VE") Randi Headrick also testified.  (AR 34, 49-54).  On October 31, 2014 the ALJ issued a decision denying benefits.  (AR 27).  Plaintiff filed a complaint for review of the Commissioner's unfavorable decision on June 4, 2016. (Dkt. No. 1).

## III.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir.  1998) (citing 42 U.S.C. § 423 (d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment in the national economy.  Tackett

_v. Apfel_, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423 (d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.

(1)  Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

(2)  Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3)  Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

(4)  Is the claimant capable of performing his past work?  If so, the claimant is found not disabled. If not, proceed to step five.

(5)  Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. (Id. at 954). If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional and non-exertional limitations, the Grids are inapplicable and the ALJ must take VE testimony. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.**

**THE ALJ'S DECISION**

The ALJ followed the five-step sequential evaluation process and concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from his alleged disability onset date of March 14, 2011, through the date of the ALJ's decision. (AR 26). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since March 14, 2011. (AR 19). At step two, the ALJ found that Plaintiff had the following severe impairments: history of hematuria, lumbago, history of asthma, history of right knee injury and major depressive disorder. (Id.).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925, 416.926). (AR 19). The ALJ specifically found that Plaintiff's mental impairments neither met nor medically equaled the criteria in "Paragraph B" or "Paragraph C" of listing 12.06. (AR 20).

The ALJ then found at step four that Plaintiff had the following RFC:

[Plaintiff] has the residual functional capacity to do the following: 1) lift and carry twenty pounds on an

5

occasional basis and ten pounds on a frequent basis; 2) stand/walk for four hours in an eight-hour day; 3) sit for four hours in an eight-hour day; and 4) occasionally stoop, kneel, and crawl. The claimant is unable to squat or crouch. He is also only able to understand, remember, carry out, and sustain jobs of one to two steps. Finally with regard to his ability to sit or stand/walk, he needs to alternate positions every hour. He can remain in either position (i.e., sit or stand/walk) for up to an hour at a time. However, when alternating from stand/walk, he needs to sit for fifteen to twenty minutes.

(AR 20).

The ALJ stated that she had considered all of Plaintiff's symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 416.929 and Social Security Rulings ("SSRs") 96-4p and 96-7p. (Id.). The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. (Id.).

The ALJ stated that she was giving no weight to Dr. Alexandre's opinion that Plaintiff is disabled or unemployable, because that opinion is a legal determination reserved for the ALJ, and there is no medical evidence to support that finding. (AR 22-23). The

ALJ gave greater weight to the opinions of Dr. Asuncion, Dr. Ella-Tamayo, and Dr. Pong.  The ALJ relied upon these opinions to find that Plaintiff is capable of a reduced range of light work.  (AR 22).  The ALJ gives little weight to Dr. Pinanong's opinion as to Plaintiff's mental status because of the lack of ongoing treatment, thus Dr. Pinanong's opinion only represents a "snapshot" of Plaintiff's mental state, which is an unreliable indicator of mental status.  (AR 23).  The ALJ accords substantial weight to the opinion of Norman Zukowsky, Ph.D. which states that Plaintiff has the ability to carry out and sustain a routine of one to two steps, along with stating that Plaintiff has no limitations on socialization or adaptation.  (Id.).

The ALJ determined that Plaintiff was not capable of performing his past relevant work as a warehouse worker or a fork-lift driver.  (AR 25).  However, at step five the ALJ found that Plaintiff was able to perform other work existing in significant numbers in the national economy.  20 C.F.R. 416.969 and 416.969(a).  (AR 25).  The ALJ specifically noted the VE's testimony that an individual of Plaintiff's age, education, work experience and RFC was capable of working as a small parts assembler or lamp shade assembler.  (AR 26).  Therefore, the ALJ concluded that Plaintiff was not under a disability as defined by 20 C.F.R. 416.920(g).  (AR 26).

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  "The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole."  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).  However, the court must "affirm the denial of disability benefits if it is supported by substantial evidence and the Commissioner applied the correct legal standards." Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)).  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  (Id.).  To determine whether substantial evidence supports a finding, the court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its

judgment for that of the Commissioner.  <u>Reddick</u>, 157 F.3d at 720-21 (citing <u>Flaten v. Sec'y</u>, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**VI.**

**DISCUSSION**

Plaintiff contends that the ALJ erred in relying on the VE's identification of jobs that Plaintiff is capable of doing and that VE's testimony is inconsistent with other reliable publications. (Plaintiff's Memorandum in Support of Complaint ("PMC"), Dkt. No. 17, at 4-10).  The Court finds that remand is required because the ALJ did not consider Plaintiffs reasoning level when accepting VE's testimony about hypothetical jobs Plaintiff is capable of doing. Accordingly, the ALJ's decision must be reversed and this action remanded for further proceedings.

A. **<u>The ALJ Must Consider Reasoning Level When Determining Plaintiff's Capability of Performing Other Jobs</u>**

Plaintiff claims that the ALJ erred by relying upon the VE's testimony identifying jobs that required reasoning level 2 when the ALJ concluded that Plaintiff is only capable of performing reasoning level 1 jobs.  (PMC at 4-5).  Defendant concedes that the ALJ erred by not enquiring about the possible conflict between limitations to the reasoning level 2 jobs that VE identified. (Defendant's Memorandum in Support of Answer ("DMA"), Dkt. 18, at 3).  However, Defendant contends that this error was harmless,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

because substantial evidence supports the conclusion that Plaintiff had the RFC to perform the jobs VE mentioned.  (<u>Id</u>.)   The Court disagrees.

   The ALJ found that Plaintiff only had the ability to understand, remember, carry out, and sustain jobs of one or two steps.  (AR 20).  The DOT defines reasoning level 1 as the ability to: apply commonsense understanding to carry out simple one- or two- step instructions, thus by definition the ALJ found that Plaintiff is reasoning level 1.  DICOT Appendix C.  The VE testified that jobs Plaintiff could perform were small parts assembler and lamp shade assembler, which both require reasoning level 2.  DICOT 706.684-022 and 739.684-094.  A limitation to reasoning level 1 has a facial conflict with occupations requiring reasoning level 2, and a failure to resolve facial conflict constitutes legal error.  <u>Rounds v. Comm'r of Soc. Sec. Admin.</u>, 807 F.3d 996, 1002-04 (9th Cir. 2015); <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1152-53 (9th Cir. 2007).  Accordingly, the ALJ's decision was erroneous.

   **B. <u>The ALJ's Error Was Not Harmless</u>**

   Defendant argues that because Dr. Pinanong opined that Plaintiff had the ability to perform personal affairs, sustain focused attention, and because Plaintiff's ability to follow and understand written and oral instructions was only mildly impaired, the ALJ erred in concluding that Plaintiff is only capable of reasoning level 1 jobs.  According to Defendant, Plaintiff is

actually able to perform the reasoning level 2 jobs that VE testified to. (DMA at 3-4). However, the ALJ determined that Dr. Pinanong's testimony carried limited weight because his examination of Plaintiff is not a reliable indicator of Plaintiff's mental status. (AR 23). The ALJ gave substantial weight to Norman Zukowsky's testimony, who testified that Plaintiff is only able to understand, remember, carry out and sustain a routine of one to two steps. (Id.). There is substantial evidence supporting ALJ's finding that Plaintiff is only capable of performing reasoning level 1 jobs.

Because the ALJ found that Dr. Zukowsky's opinion was entitled to substantial weight, and because the ALJ relied upon his opinion, the Plaintiff is limited to work with level 1 reasoning. Accordingly, the ALJ's step-five error is not harmless. Upon remand, the ALJ must consider Plaintiff's correct reasoning level in determining the jobs Plaintiff is capable of performing.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

**VII.**

**CONCLUSION**


    Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.


DATED:  March 8, 2017


                                    _____
                                          /S/
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE



**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**